IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM HERNANDEZ,

      Plaintiff,

v.                                CASE NO. 5:16-cv-67-MP-GRJ

JULIE JONES, et al.,

      Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections at Florida State Prison, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983 and has been granted leave to proceed as a pauper.  Plaintiff is proceeding pursuant to an Amended Complaint, ECF No. 9, which is before the Court for screening pursuant to 28 U.S.C § 1915A.

Plaintiff's claims stem from the conditions of confinement at Gulf CI. Plaintiff alleges that in March 2015 he was subjected to an excessive use of force by corrections officers following which he was charged with three "fabricated" disciplinary infractions.  ECF No. 9.

The Court's civil rights complaint form, which Plaintiff executed under

penalty of perjury on March 17, 2016, requires prisoners to disclose their prior litigation history.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed."  ECF No. 1 at 4-5.  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 9 at 4.

In response to these questions, Plaintiff disclosed one prior federal habeas corpus case filed in the Southern District of Florida, Case No. 1:08-cv-23012-ASG, and two state cases filed in the Second Judicial Circuit, Leon County, Case Nos. 2012-CA-447 and 2012-CA-849.  ECF No. 9 at 6-7.

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegation, Plaintiff filed at least one additional federal civil case prior to executing the Amended Complaint in this case.  On January 19, 2016, Plaintiff filed a letter motion for protective order in the Middle District of Florida, Ft. Myers Division.  The case was transferred to the Jacksonville Division because Plaintiff's claims concerned the conditions of confinement at Florida State Prison.  *Hernandez v. Staff Members*, Case No. 3:16-cv-52-J-32PDB (M.D. Fla.).  The case was dismissed without prejudice on January 28, 2016, because Plaintiff failed to use the court's civil rights complaint form and failed to provide the court with the information required by the form.  *Id*., ECF No. 6.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

the Court held that the district court had the discretion to conclude that the

plaintiff's explanation did not excuse his misrepresentation because the

complaint form "clearly asked Plaintiff to disclose previously filed

lawsuits[.]"   *Id*.  The Court determined that dismissal was an appropriate

sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged
> in bad faith litigiousness or manipulative tactics warrants
> dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th
> Cir.1997). In addition, a district court may impose sanctions if a
> party knowingly files a pleading that contains false contentions.
> Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a
> less stringent standard than pleadings drafted by attorneys, a
> plaintiff's *pro se* status will not excuse mistakes regarding
> procedural rules. *McNeil v. United States,* 508 U.S. 106, 113,
> 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's

"three strikes" provision, the information required on the form assists the

Court in efficiently managing prisoner litigation by showing whether a

complaint is related to or is affected by another case.  The failure to

exercise candor in completing the form, while acknowledging that the

answers are made under penalty of perjury, impedes the Court in

managing its caseload and merits the sanction of dismissal.  *See Redmon*,

2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL

1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal.  Plaintiff cannot plausibly claim that he was unaware of the existence of the previous federal case, which was filed and dismissed shortly before he executed the Amended Complaint in this case.  The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

Plaintiff has moved for an extension of time to pay the initial partial

filing fee in this case, ECF No. 18.  That motion is **MOOT** because the fee

has been paid.  *See* ECF No. 17.  Plaintiff also moves for appointment of

counsel, ECF No. 19.  The Court denied a prior motion for appointment of

counsel because Plaintiff did not show that he made efforts to secure

counsel and the case did not present exceptional circumstances

warranting appointment of counsel.  ECF No. 14.  Although the instant

motion represents that Plaintiff has attempted to secure counsel, the Court

again finds that exceptional circumstances do not warrant appointment of

counsel and the motion is due to be denied in view of the recommendation

that this case be dismissed.  Accordingly, the motion, ECF No. 19, is

**DENIED**.

For the foregoing reasons, it is respectfully **RECOMMENDED** that

this case should be **DISMISSED without prejudice** for abuse of the

judicial process.

**IN CHAMBERS** this 9th day of May 2016.

s/Gary R. Jones

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**